IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
(AT KNOXVILLE)

JASON MELTON

PETITIONER

V

UNITED STATES OF AMERICA

RESPONDENTS

CASE NO. 3:18-cv-347

MOTION TO SUPPLEMENT 28 USC 2255(f)(3)

Comes now Petitioner Jason Melton Petitioner who moves this Court to supplement his 28 USC 2255(f)(3) with the following argument for relief. Petitioner states that in Erik Lindsey Hughes v United States 584 US 138 S Ct 1765, 201 L. Ed. 2d 72 2018 US LEXIS 3385 June 4, 2018, the Supreme Court held--- A district court could consider the benefits the defendant gained by entering a Type-C, Fed.R.Crim.P. 11(c)(1)(C) agreement when deciding whether a reduction was appropriate or when determining the extent of any reduction as the statute permitted, but did not require, the court to reduce a sentence. Petitioner was eligible for 3582(c)(2) relief where the district court accepted his Type-C agreement after concluding that a 180-month sentence was consistent with the Guidelines, calculated the sentencing range and imposed a sentence deemed compatible with the Guidelines.

1

The Sentencing Reform Act aims to create a comprehensive sentencing scheme in which those who commit crimes of similar conditions receive similar sentences. 18 USC 3582(c)(2) contributes to that goal by ensuring that district courts may adjust sentences imposed pursuant to a range that the USSC concludes is too severe, out of step with the seriousness of the crime and the sentencing ranges of analogous offenses and inconsistent with the Act's purposes.

In 2010 Petitioner Jason Melton pleaded guilty to possessing a firearm as a felon pursuant to a Rule 11(c)(1)(C) agreement and a stipulated sentence of 180 months. Petitioner Melton states that pursuant to Hughes v United States 138 S Ct 1765 March 27, 2018, that he is eligible for relief under 18 USC 3582(c)(2). Petitioner Melton states the district court accepted his Type-C 11(c)(1)(C) agreement in 2010 after concluding that a 180-month sentence was consistent with the guidelines and then calculated Melton's sentencing range and imposed a sentence it deemed "compatible" with the Guidelines. The Sentencing range was a basis for the sentence imposed, and that range has since been lowered by the United States Sentencing Commission.

## RELIEF

Therefore, based on the above arguments citing 18 USC 3553(a) and Hughes, 138 S Ct 1765 (2018), Petitioner Melton supplements his Motion For Relief under 28 USC 2255(f)(3). Petitioner Melton request this court to supplement this argument and resentence him accordingly.

2

## CERTIFICATE OF SERVICE

I Petitioner Jason Melton do hereby certify that on MARCH 18, 2019 that I mailed a true and correct copy of this Motion To Supplement 28 USC 2255(f)(3) to the following below by depositing this instrument in the US MAILROOM MAILBOX.

1. Clerk Of Court
   Howard H. Baker Jr., US Courthouse
   800 Market Street, Suite 130
   Knoxville, TN 37902

2. Debra A. Breneman
   Assistant US Attorney
   Howard H. Baker Jr., US Courthouse
   800 Market Street, Suite 130
   Knoxville, TN 37902

3