RECEIVED
JUN 17 2019
DEBORAH S. HUNT, Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

JASON MELTON

PETITIONER

V

UNITED STATES OF AMERICA

RESPONDENTS

CASE NO. TO BE SUPPLIED

MOTION FOR PERMISSION PURSUANT TO 28 USC § 2244(b)(3)(C)

WITH A PRIMA FACIE CASE SHOWING TO FILE A

SECOND OR "SUCCESSIVE" 28 USC § 2255(f)(3)(h)(2)

TO BE HELD IN "ABEYANCE"

PENDING

THE US SUPREME COURT'S DECISION IN

UNITED STATES v DAVIS 203 L Ed 2d 194; 2019 US LEXIS 878;

_____ S Ct _____ No. 18-431

(2019)

Comes now Petitioner Jason Melton who move this Court to 'hold' this Motion In ABEYANCE pending the US Supreme Court's decision in United States v Davis 2019 US LEXIS 878; ___ S Ct ___ ___ No. 18-431 (2019). Pending Davis, Petitioner Melton requests authorization pursuant to 28 USC 2244(b)(3)(C) and 28 USC 2255(f)(3)(h)(2).

1

In Davis v United States (CA5,2018) 903 F.3d 483; 2018 US App LEXIS 25486 No. 16-10330 September 7, 2018, the US SUpreme Court granted certiorari January 4, 2019 at 2019 US LEXIS 5. The Fifth Circuit HELD:--18 USC 924(c)'s residual clause was unconstitutionally vague. Defendant's convictions and sentences for knowingly using, carrying, or brandishing a firearm to aid and abet conspiracy to interfere with commerce by robbery must be vacated. 18 USC 924(c)(3) contains both an elements clause and a residual clause; the elements clause defines an offense as a crime of violence if it "has as an element the use, attempted use or threatened use of physical force against the person or property of another, "whereas the residual clause defines an offense as a crime of violence if it "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Appellate Courts use the so-called categorical approach when applying 18 USC 924(c)93)(B) to the predicate offense statute. The proper inquiry is whether a particular defined offense, in the ["abstract"], is a crime of violence. On Remand from the United States Supreme Court PER CURIAM: On January 31, 2017, we issued an opinion in this case denying Andre Levon Glover's challenge to his conviction and sentence and Maurice Lamont Davis's (Davis and Glover, collectively, "Defendants") challenge to his sentence, affirming the district court's entry of judgement from the charges under

18 USC 1951 and 18 USC 924(c). United States v Davis 677 F. App'x 933, 935-36 (5th Cir.2017)(per curiam). Defendant's petitioned the Supreme Court for certiorari. Following its decision in Sessions v Dimaya, 584 U.S. ___, 138 S ct 1204, 200 L Ed 2d 549 (2018), the Court remanded this case to our Court "for further consideration" "in light" of Dimaya. defendant's firearm convictions for knowingly using, carrying, or brandishing a firearm to aid and abet conspiracy to interfere with commerce by robbery under Count Two present a less clear question. We have held that conspiracy to commit an offense is merely an agreement to commit an offense. Therefore, here, the conspiracy offense does not necessarily require proof that a defendant used, attempted to use or threatened to use force.

　　The Supreme Court rested its decision in Dimaya on its concerns about the language of the statute itself. Although 16(b) contained linguistic differences to the Armed Career Criminal Act ("ACCA") residual clause the Court had previously invalidated in Johnson, 135 S Ct 2551, 192 L Ed 2d 569 (2015), it noted that each statute contained "both an ordinary-case requirement and an ill-defined risk threshold," and this "devolv[ed] into guesswork and intuition "invited arbitrary enforcement, and failed to provide fair notice." Dimaya, 138 S Ct at 1223 (alteration in original)(quoting Johnson, 135 S Ct at 2559). Because the language of the residual clause here and that in 16(b) are identical, this Court lacks the authority to say that, under the categorical approach, the outcome would not be the same. WE hold that 924(c)'s residual clause is

3

unconstitutionally vague. Therefore, Defendant's convictions and sentences under Count Two must be vacated.

## PRIMA FACIE CASE SHOWING PURSUANT TO
## 28 USC § 2244(b)(3)(C)

Petitioner Jason Melton states that his Tennessee Burglary Statute, Tenn.CodeAnn 39-14-403 is [broader] than Generic Burglary and conflicts with the Supreme Court's decision in Stitt, 139 S Ct at 406 (2019), citing Mathis v United States 136 S Ct 2243; 195 L Ed 2d 604; 2016 US LEXIS 4060; 84 U.S.L.W. 4512; 26 Fla. Weekly Fed S 315 No. 15-6092 June 23, 2016. The language in Tenn. Burglary Code Tenn.CodeAnn. 39-14-403 allows burglary to cover entrance into ["vehicles"] designed or adapted for overnight use.

The Supreme Court held in Mathis 136 S Ct 2243; (2016) that [1]-A defendant was improperly sentenced under the Armed Career Criminal Act (ACCA) based on prior convictions for burglary since the elements of burglary under State Law included unlawful entry into a building, structure, or land, water, or [air vehicle], the alternate means of committing burglary depending on what was entered were broader than the elements of generic burglary which only included entry into a structure or building, and thus the defendants burglary convictions were not predicate crimes under the ACCA. The Supreme Court further held in Mathis, 136 S Ct 2243; LEXIS 4060

4

(2016) that---ACCA defines the term "violent felony" to include any felony, whether state or federal, that is burglary, arson, or extortion. 924(e)(2)(B)(ii). In listing those crimes, Congress has referred only to their usual or (in the U.S. Supreme Court's terminology) generic versions-not to all variants of the offenses. That means as to burglary that Congress means a crime containing the following elements: an unlawful or unprivileged entry into a building or other structure; with intent to commit a crime. To determine whether a prior conviction is for generic burglary for purposes of the Armed Career Criminal Act (ACCA), courts apply what is kown as the categorical approach: they focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case. Distinguishing between elements and facts is therefore central to ACCA's operation. Elements are the constituent parts of a crime's legal definition-the things the prosecution must prove to sustain a conviction. At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant, and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty. Facts, by contrast, are mere real-world things-extraneous to the crime's legal requirements. They are circumstances or events having no legal effect or consequence: in particular, they need

5

neither be found by a jury nor admitted by a defendant. And the ACCA cares not a whit about them. A crime counts as burglary under the ACCA if its elements are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA burglary-even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries. Petitioner Jason Melton states that under Mathis, 136 S Ct 2243; LEXIS 4060 (2016) that his Tennessee's Aggravated Burglary Statute Tenn.CodeAnn. 39-14-403 "elements" includes and covers' vehicles "or" movable enclosure "only" if they [were][habitable]. Tenn. CodeAnn. 39-14-403. Petitioner Melton states that these alternate means of committing "Aggravated" "Burglary" 'are broader' than the elements of generic burglary which only included 'entry' into a structure or building. The US Supreme Court further held in Mathis 136 S Ct 2243; LEXIS 4060 (2016) that-If the crime of conviction covers any more conduct' than the generic offense, then it is not an ACCA burglary-even if the defendant's actual conduct fits within the generic offense's [boundaries].

In the Memorandum Opinion by The Honorable Thomas W. Phillips E.D. Tenn (Knoxville Div) No. 3:18-CV-347-TWP, he abused his discretion and committed fundamental error, structural error, clear and procedural and plain error, by relying on the US Supreme Court's decision

6

in Stitt, 139 S Ct at 406 (2019) whereas the Supreme Court held--
the language in a statute allowing burglary to cover entrance
into <u>vehicles</u> designed "or" adapted for overnight use did not
render the Tenn.CodeAnn 39-14-403 "Aggravated" Burglary Statute
outside the generic burglary definition, whereas, the Supreme
Court ruled in Mathis, 136 S Ct 2243; (2016) that---If the crime
of conviction <u>covers any more conduct than the generic offense</u>,
then <u>it is not</u> an ACCA "burglary"-even if the defendant's actual
conduct fits within the generic offense's boundaries. The generic
offense the Supreme Court [outlined] in 'Mathis, 136 S Ct 2243
(2016) [<u>requires</u>] unlawful entry into a <u>building or other
'structure'</u>.

The U.S. Supreme Court <u>did not</u> 'abrogate' Mathis, 136 S Ct LEXIS
4060; 2243 (2016) when they decided Stitt, 139 S Ct 399 (2019),
therfore, the Rule of Lenity is in favor of Petitioner Jason
Melton. The US Supreme court reversed in Mathis and HELD: Defendant
was improperly sentenced under ACCA based on prior convictions
for burglary since elements of burglary under State Law included
unlawful entry into building, structure, or land, water, or
<u>air vehicle,</u> the alternate means of committing burglary depending
on what was entered <u>were broader</u> than the elements of generic
burglary <u>which only</u> included entry into a <u>structure or building,</u>
and thus defendant's burglary convictions <u>were not</u> predicate crimes
under the ACCA.

7

In Sessions v Dimaya, 138 S Ct 1204 (2018), the US Supreme Court HELD: An "aggravated" felony includes "a crime of violence (as defined in [18 USC 16]...) for which the term of imprisonment [is] at least one year." Section 16's definition of a crime of violence is divided into two clauses--often referred to as the elements clause 16(a), and the residual clause 16(b). The residual clause defines a "crime of violence" as any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In Dimaya, 138 S Ct 1204 (2018), an Immigration Judge and Board of Immigration Appeals held that California First-Degree Burglary is a "crime of violence" under 16(b).

Petitioner Jason Melton states that his Tenn.CodeAnn 39-14-403 "Aggravated" Burglary qualifies as a crime of violence under this void-for vagueness 18 USC 16(b) Statute and is unconstitutional, because it suffers from the same two features of the ACCA residual clause and resembles the void-for vagueness residual clause of 18 USC 924(c)(3)(B), and violates the Supreme Court's holdings in Mathis, 136 S Ct 2243; 2016 US LEXIS 4060 June 23, 2016, and United States v Davis 203 L Ed 2d 194; 2019 US LEXIS 878; ___ S Ct ___ ___ No. 18-431 (2019). In United States v Davis (CA5, 2018)

8

903 F.3d 483; 2018 US App LEXIS 25486 No. 16-10330 Sept. 7, 2018, the US Supreme Court granted certiorari January 4, 2019 at 2019 US LEXIS 5 and held 18 USC 924(c)'s residual clause was unconstitutionally vague. The US Supreme Court held in Johnson, 135 S Ct 2551 (2015) that the act of breaking and entering into someone's home does not, in and of itself, normally cause physical injury. Rather, the risk of injury arises because the burglar might confront a resident in the home after breaking and entering. The indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. See Sessions v Dimaya, 138 S Ct 1204 (2018). Increasing a defendants sentence under the residual clause of 18 USC 924 (e)(2)(B) denies due process of law.

## CONCLUSION

Petitioner Melton states that his (3) convictions for Tenn.CodeAnn 39-14-403 Aggravated Burglary qualifies as "crime of violence" under the unconstitutional void-for vagueness residual clause the US Supreme Court declared violates the 5th Amendment to the US Constitution in Davis v United States 203 L Ed 2d 194; 2019 US LEXIS 878; ___ S Ct ___ ___ No. 18-431 (2019) citing Sessions v Dimaya 138 S Ct 1204 (2018), citing Johnson, 135 S Ct 2551 (2015) and is broader than generic burglary pursuant to the US Supreme Court's ruling in Mathis v United States 136 S Ct 2243; 2016 US LEXIS 4060; June 23, 2016.

9

RELIEF

Petitioner Jason Melton moves this Court to authorize him to file a Second or Successive 28 USC 2255(f)(3)(h)(2) pursuant to 28 USC 2244(b)(3)(C) and PLACE this Motion IN ABEYANCE, pending a decision from the US Supreme Court in United States v Davis 203 L ed 2d 194; 2019 US LEXIS 878; ___ S Ct ___ ___ No. 18-431 (2019).

Once Davis, 203 L Ed 2d 194; LEXIS 878; ___ S Ct ___ ___ No. 18-431 (2019) is decided, Petitioner Jason Melton requests authorization pursuant to 28 USC 2244(b)(3)(C) and 28 USC 2255(h)(2)(f)(3) to file a 2255 Petition to the E.D. of Tenn (Knoxville). Tennessee "Aggravated" Burglary qualifies as a violent felony under the void-for vagueness residual clause of 18 USC 924(c)(3)(B) and violates due process of law and Mathis, 136 S Ct 2243; (2016).

/s/ Jason Melton

DATED: 6/8/2019

10

CERTIFICATE OF SERVICE

I Petitioner Jason Melton do hereby certify that on 6/10/2019, 2019 that I mailed a true and correct copy of this foregoing instrument to the following below by depositing this instrument in the US Mailroom Mailbox using the correct US POSTAGE.

1. Clerk Of Court
   United States Court of Appeals for The Sixth Circuit
   Potter Stewart US Courthouse
   100 East Fifth Street, Suite 540
   Cincinnati, OH 45202

2. /s/ Jason Melton

3. KELLY ANN NORRIS
   USDC ED TENN
   SUITE 211

11

Richard Enrique Ulloa
c/o 6823 Fort Hamilton Pkwy.
Box 162
Brooklyn, New York [11219]

RECEIVED
JUN 17 2019
DEBORAH S. HUNT, Clerk

New Filing

Clerk of Court
Sixth Circuit Court Appeals
100 East Fifth Street
Suite 540
Cincinnati, OH
45202

TRACKER


Q52-4972

